UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| GRACIOUS HOME LLC, *et al.*, | Case No. 16-13500 (MKV) |
| Debtors.[1] | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE SALE OF THE ASSETS
FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES,
AND INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND LEASES AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] dated May 23, 2017 of the above captioned debtors (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections 105, 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004, 6006, 9006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1 and 6006-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules")  (i) authorizing the Debtors to sell or transfer the Assets (the "Sale") to NEWGH, LLC (the "Purchaser") pursuant to an asset purchase agreement ("APA") by and among the Debtors and the Purchaser, free and clear of all liens, claims and encumbrances, with such liens attaching to the proceeds of the Sale with the same validity, extent, and priority as had attached to the Assets immediately prior to the Sale, (ii) approving the assumption and assignment of executory contracts and leases (the "Contracts") and (iii) granting certain related relief [ECF No. 311]; and

---

[1] The Debtors in these chapter 11 cases and the last four digits of their tax identification numbers are: Gracious Home LLC (6822); Gracious Home Holdings LLC (3251); Gracious Home Payroll LLC (3681); GH East Side LLC (3251); GH West Side LLC (3251); GH Chelsea LLC (3251) and Gracious (IP) LLC (3251).  The latter four entities are disregarded for tax purposes and do not have their own tax identification numbers, but use that of Gracious Home Holdings LLC.  The address of the Debtors' corporate headquarters is 1210 Third Avenue, New York, New York 10021.

[2] Capitalized terms used but not defined herein shall have the same meaning ascribed to such terms in the Motion.

it appearing due and sufficient notice of the Motion having been given under the particular circumstances; and the Court having held a hearing on June 27, 2017 (the "Sale Hearing") to approve the proposed Sale as set forth in the APA; and the Court having reviewed and considered (a) the Motion, (b) declarations of Adam M. Rosen [ECF No. 339] and Robert Morrison [ECF No. 340] submitted with the Motion and the testimony during the Sale Hearing, (c) the objection to the Motion by the Official Committee of Unsecured Creditors (the "Committee's Objection") [ECF No. 337], (d) the Debtors' Response to the Committee's Objection [ECF No. 338], (e) the Statement of Gracious Homes Lending LLC in Support of the Motion [ECF No. 344], (f) the United Parcel Service, Inc.'s Limited Objection to Proposed Cure Amount [ECF No. 330], (g) 179 East 70th Street Corporation's (the "Landlord") Reservation of Rights Regarding Debtors' Sale Motion and Cure Notice [ECF No. 341] and (h) the arguments made by counsel, and the evidence proffered or adduced at the Sale Hearing; and upon the record of the Sale Hearing; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor;

   **FOUND THAT:**

   A. <u>Jurisdiction and Venue</u>. This Court has jurisdiction (i) to consider the Motion and (ii) over the property of Debtors, including the Assets to be sold, transferred, and conveyed pursuant to the APA, under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

   B. <u>Legal Predicates</u>. The legal predicates for the relief sought in the Motion are Bankruptcy Code sections 105, 363, 365, 503, 507, 1107, and 1108, and Bankruptcy Rules 2002,

6004, 6006, 9006, 9007, and 9014.

    C.    <u>Final Order</u>. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 7062, and to the extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of this Order as set forth herein.

    D.    <u>Business Justification</u>. Sound business reasons exist for the Sale. Entry into the APA, and the consummation of the transactions contemplated thereby, including the Sale, constitutes the Debtors' exercise of sound business judgment and such acts are in the best interests of the Debtors, their estates and all other parties in interest. The Debtors have demonstrated compelling circumstances and a good, sufficient and sound business purpose and justification for the Sale prior to, and outside of, a plan of reorganization.

    E.    The terms of the APA and the Sale are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with its fiduciary duties and are the best available to the Debtors under the circumstances. For these reasons and based on the other evidence of record, the Court finds that (i) the APA constitutes the highest or otherwise best offer for the Assets under the circumstances, (ii) the APA and the closing of the Sale present the best opportunity to realize value for the Assets, and (iii) any other transaction would create a substantial risk of delay and a significant reduction in value.

    F.    <u>Notice</u>. As evidenced by the affidavits of service filed with the Court at Docket Nos. 315, 316, 319, 326 and 334, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing, the

APA, and the Sale has been provided in accordance with Bankruptcy Code sections 102(1), 363, 365 and Bankruptcy Rules 2002, 6004, 6006, 9006 and 9014, to each party entitled to such notice, (ii) such notice was good, sufficient, and appropriate under the particular circumstances, and (iii) no other or further notice of the Motion, the Sale Hearing, the APA, and the Sale is or shall be required.

G.      As evidenced by the affidavits of service previously filed with the Court, on June 2, 2017, in accordance with the Bidding Procedures Order, the Debtors served the Sale Notice upon (a) the Office of the United States Trustee for the Southern District of New York; (b) the U.S. Attorney for the Southern District of New York; (c) counsel to the DIP Lender; (d) counsel to the Committee in these Chapter 11 Cases; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) any party known to have asserted a lien, encumbrance, claim or other interest in any of the Assets; (h) all affected federal, state and local regulatory and taxing authorities, including the Internal Revenue Service; (i) the Securities and Exchange Commission; (j) all entities known to have expressed an interest in a transaction with respect to all or part of the Assets; and (k) any such other party entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, providing such parties actual written notice of the Sale Hearing, the Auction, the Motion and the Sale and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein.

H.      Based on the affidavits of service, proper, timely, adequate and sufficient notice of the Auction, Sale Hearing and the Sale has been provided in accordance with sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014. The Debtors have also complied with all obligations to provide notice of the Auction, Sale Hearing and Sale

4

required by the Bidding Procedures Order. The notices described above were good, sufficient, and appropriate under the circumstances, provided all interested parties with timely and proper notice of the Auction, Sale Hearing and the Sale, and no further or other notice of the Auction, Sale Hearing and the Sale is required.

I.   On June 16, 2017, the Debtors filed with the Court a notice stating that Purchaser was designated the Stalking Horse Bidder [ECF No. 328].

J.   On June 21, 2017, the Debtors filed with the Court a notice stating that Purchaser is the Successful Bidder, and that the Successful Bidder's bid pursuant to the APA is the Successful Bid. The Purchaser's bid was the only Qualified Bid received by the Debtors, so pursuant to the Bid Procedures, the contemplated Auction was cancelled. [ECF No. 335]. A copy of the APA is attached hereto as **Exhibit 1**.

K.   The disclosures made by the Debtors concerning the APA, Auction, Sale Hearing and the Sale appear reasonable, complete and adequate.

L.   Opportunity to Object. A fair and reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including: (a) all entities known to have expressed an interest in a transaction with respect to the Assets; (b) counsel to the Purchaser; (c) the Office of the United States Trustee for the Southern District of New York; (d) the U.S. Attorney for the Southern District of New York; (e) counsel to the DIP Lender; (f) counsel to the Committee; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; (i) all entities known to have asserted any Lien or Claim in or upon any of the Assets; and (j) any such other party entitled to notice pursuant to Bankruptcy Rule 2002, Rule 9013-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, or the Case

Management Order.

M.     <u>Sale in Best Interests</u>. The consideration provided by the Purchaser under the APA constitutes the highest or otherwise best offer for the Assets and provides fair consideration and reasonably equivalent value to the Debtors in exchange for the Assets. In the reasonable exercise of their business judgment, the Debtors have determined that the transaction contemplated by the APA represents the best opportunity to maximize and realize the value of the Assets for the Debtors' estates. Consummation of the Sale at this time is in the best interests of the Debtors, their creditors, estates, stakeholders, and other parties in interest.

N.     <u>Highest and/or Best Offer</u>. The Debtors engaged in an extensive marketing process for the Assets prior to entering into the APA and have otherwise complied in all respects with the Bidding Procedures Order. The Bidding Procedures Order afforded a full, fail, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Assets.

O.     Based upon the Bidding Procedures approved pursuant to the Bidding Procedures Order, the Debtors determined that the bid evidenced by the APA is the highest and/or best offer for the Assets, and the transaction contemplated by the APA will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative. The Debtors' determination that the APA constitutes the highest and/or best offer constitutes a valid and sound exercise of the Debtors' business judgment.

P.     The APA represents a fair and reasonable offer to purchase the Assets under the circumstances of these Chapter 11 Cases.

Q.     <u>Good Faith Purchaser</u>. The Purchaser (i) is a good faith purchaser for value and, as such, is entitled to all of the protections afforded under 11 U.S.C. § 363(m) and any other

6

applicable or similar bankruptcy and non-bankruptcy law, and (ii) has otherwise proceeded in good faith in all respects in connection with this proceeding. Specifically: (a) all payments to be made by the Purchaser in connection with the Sale have been disclosed; (b) the negotiation and execution of the APA was at arm's-length and in good faith, and at all times each of the Purchaser and the Debtors were represented by competent counsel of their choosing; (c) there is no evidence to suggest that the Purchaser in any way induced or caused the filing of the Chapter 11 Cases; and (d) the Purchaser has not acted in a collusive manner with any person. Neither the Debtors nor the Purchaser has engaged in any conduct that would cause or permit the APA or the Sale to be avoided or result in the imposition of any costs or damages under 11 U.S.C. § 363(n) and the Purchaser will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the APA.

      R.      <u>Free and Clear</u>. Debtors have provided notice to (i) Counsel to the DIP Lender and (ii) all other entities asserting or holding liens or claims on the Assets. Such notice expressly stated that the failure of any person holding any lien, encumbrance or other interest with respect to the Assets to object to the relief requested in the Motion may be deemed to consent to the sale of the Assets free and clear of such person's liens, encumbrances or interests. The Debtors have complied with the requirements of Bankruptcy Code section 363(f) because in each case, one or more of the standards set forth in in section 363(f)(1)–(5) has been satisfied, and may sell the Assets and assume and assign the Contracts free and clear of all liens and claims against the Debtors, their estates or the Assets. All other holders of liens, claims or encumbrances in or against the Assets have either expressly consented or did not object, or withdrew their objections to the Motion and are deemed to have consented in accordance with section 363(f)(2) of the Bankruptcy Code.

7

S.      <u>Legal and Factual Bases</u>. The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

**IT IS HEREBY ORDERED that:**

1.      The Sale Motion is GRANTED, as set forth herein.

2.      The Committee's Objection is overruled on the merits and denied with prejudice. All persons and entities given notice of the Sale Motion that failed to timely object thereto are deemed to consent to the relief sought therein.

3.      The APA, attached hereto as Exhibit 1, including any non-material amendments, supplements, and modifications thereto, and all of the terms and conditions therein, is hereby approved.

4.      The Debtors are hereby authorized and empowered to: (1) execute the APA, along with any additional instruments or documents that may be necessary to implement the APA, provided that such additional documents do not materially change its terms; (2) do all things and take all actions necessary to consummate the Sale in accordance with the terms and conditions of the APA and the instruments and agreements contemplated thereby; and (3) take all further actions as may reasonably be requested by the Purchaser for the purpose of transferring or reducing to possession the Assets, in each case without further application to, or order of, the Court.

5.      Except as otherwise expressly provided in the APA and the terms of this Order, pursuant to 11 U.S.C. §§ 363(b), 363(f) and 365, the Assets and the Contracts shall be transferred or assumed and assigned on the Closing Date free and clear of all (i) claims, liabilities, interests, rights, and encumbrances, in each case against or otherwise in respect of the Assets being transferred, including, without limitation, all restrictions (including, without

8

limitation, any restriction on the use, voting rights, transfer rights, claims for receipt of income, or other exercise of any attributes of ownership), hypothecations, charges, indentures, instruments, options, security interests, conditional sale rights or other title retention agreements, pledges, judgments, demands, rights of first refusal, consent rights, contract rights, rights of recovery, reimbursement rights, contribution claims, indemnity rights, exoneration rights, alter-ego claims, tax claims, regulatory violations by any governmental entity, decrees of any court or foreign or domestic governmental entity, charges of any kind or nature, debts arising in any way in connection with any agreements, acts, or failures to act, obligation claims, demands, guaranties, contractual or other commitment rights and claims, and all other matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of the Debtors' Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under any theory, law or doctrine of successor liability or related theories, as well as any and all "claims" as that term is defined and used in the Bankruptcy Code, including section 101(5) thereof (all of the foregoing, collectively, "Claims"), (ii) liens, and (iii) to the maximum extent permitted by law, any other interests within the meaning of section 363(f) of the Bankruptcy Code.

6. The Purchaser has agreed to abide by the Debtors' privacy policy in place as of the Closing. Accordingly, no consumer privacy ombudsman need be appointed under Section 363(b)(1) of the Bankruptcy Code.

7. At the Closing, all of the Debtors' legal, equitable, and beneficial right, title and

9

interest in and to, and possession of, the respective Assets being transferred at such Closing shall be immediately vested in the Purchaser pursuant to Bankruptcy Code sections 105(a), 363(b), and 363(f) free and clear of any and all liens and Claims. Such transfer shall constitute a legal, valid, binding, and effective transfer of such Assets and shall vest the Purchaser with good and marketable title to such Assets. All persons or entities, presently, or on or after each Closing, in possession of some or all of the respective Assets being transferred are directed to surrender possession of such Assets directly to the Purchaser or its designees on the Closing or at such time thereafter as the Purchaser may request.

8. The Purchaser is hereby authorized in connection with the consummation of the Sale to assign, transfer, allocate, or otherwise dispose of any of the Assets to and among its affiliates, designees, assignees, and/or successors (i) in a manner as it, in its sole discretion, deems appropriate and (ii) with all of the rights and protections accorded under this Order and the APA, and the Debtors shall cooperate with and take all actions reasonably requested by the Purchaser to effectuate any of the foregoing.

9. All persons and entities are hereby forever prohibited and permanently enjoined from taking any action to adversely affect or interfere with the ability of the Debtors to transfer the Assets in accordance with the APA and this Order; provided, however, that the foregoing restriction shall not prevent any party from appealing this Order in accordance with applicable law or opposing any appeal of this Order.

10. The Purchaser has acted without collusion, in good faith in undertaking the Sale contemplated by the APA. The Sale may not be avoided, nor may any costs or damages be imposed, under 11 U.S.C. § 363(n) and the Purchaser is entitled to all of the protections afforded by Bankruptcy Code section 363(m).

11. The terms and provisions of the APA and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors and their respective affiliates and subsidiaries, successors and assigns, their estates, and their creditors, the Purchaser, and its affiliates, successors and assigns, and any affected third parties including, but not limited to, all persons asserting liens or Claims on or against the Assets to be sold to the Purchaser pursuant to the APA, notwithstanding any subsequent appointment of any trustee(s), examiner with expanded powers, or other responsible person or officer under any chapter of the Bankruptcy Code, as to which persons such terms and provisions likewise shall be binding. Nothing contained in any chapter 11 plan confirmed in any of the Debtors' Chapter 11 Cases, any order confirming any such chapter 11 plan, any order approving wind-down or dismissal of any of the Debtors' Chapter 11 Cases or any subsequent chapter 7 cases, or any other order of any type or kind entered in the Debtors' Chapter 11 Cases shall conflict with or derogate from the provisions of the APA or this Order, and to the extent of any conflict or derogation between this Order or the APA and such future plan or order, the terms of this Order and the APA shall control.

12. No material amendment may be made to the APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto without further order of the Court. To the extent that any provision of the APA conflicts with or is, in any way, inconsistent with any provision of this Order, this Order shall govern and control.

13. The Debtors are hereby authorized to assume the Contracts listed on **Exhibit 2**, including, where applicable all amendments to the Contracts, whether currently in effect or intended to become effective upon assumption and assignment pursuant hereto to the Purchaser pursuant to sections 363 and 365 of the Bankruptcy Code, effective upon entry of this Order;

11

provided however, that the lease agreement, dated as of May 1, 2012 (including any agreed-to modifications thereto, the "Lease"), between 179 East 70th Street Corporation, the Landlord, and Debtor GH East Side LLC for the premises known as 1210 Third Avenue, New York, New York (the "Premises") shall not be assumed by the Debtor nor assigned to the Purchaser absent the finalizing of an agreement between the Landlord and the Purchaser modifying the Lease.  In the event the parties are unable to reach an agreement on the final documentation modifying the Lease prior to the Closing, the Lease shall be deemed rejected pursuant to section 365 of the Bankruptcy Code and terminated as of June 30, 2017, and the premises shall be vacated and returned to the Landlord pursuant to the terms of the Lease.

14. The non-debtor parties to the Contracts set forth on **Exhibit 2** either failed to object timely to the assumption and assignment of such Contracts or to the respective Cure Amounts set forth in the applicable notices.

15. Pursuant to section 365(f) of the Bankruptcy Code, to the extent applicable, each party to the Contracts has been provided with adequate assurance of future performance under the Contracts by the Purchaser.

16. Upon entry of this Order, all defaults arising under the Contracts in accordance with section 365(b) of the Bankruptcy Code shall be deemed to have been cured.

17. Upon entry of this Order, the Purchaser shall be deemed to be substituted for the Debtors as a party to each respective Contract and the Debtors shall be released, pursuant to section 365 of the Bankruptcy Code, to the extent allowable under applicable law, from any liability or obligations under the Contracts, except that the Debtors shall not be released from any claims or liability to the extent such release would result in the forfeiture or impairment of any applicable insurance coverage, in which case, the counterparty under any Contract shall retain

the right to assert any such claims or liabilities solely to the extent necessary to recover from any third-party insurer, but in no event shall any such claims or liabilities be recoverable from the Debtors or their estates.

19. Upon entry of this Order, each party to a Contract, whether entered into before or after the Petition Date, will be forever barred, estopped and permanently enjoined from (a) asserting against (i) the Debtors, the Purchaser or the property of any of them, any default existing as of the date hereof, or (ii) the Purchaser, any counterclaim, defense, setoff or any other interest asserted or assertable, under the Contract or applicable law, against the Debtors; and (b) imposing or charging against Purchaser any accelerations, assignment fees, increases or any other fees solely as a result of the Debtors' assumption and assignment to Assignee of the Contract.

19. The assumption and assignment of the Contracts authorized hereunder shall be free and clear of all interests. Following the entry of this Order, no holder of an interest in or claim against the Debtors or their estates shall interfere with Assignee's right to use and enjoyment of any of the assumed and assigned Contracts based on or related to such interest or claims.

20. The Debtors (in consultation with the Committee) shall reconcile with the DIP Lender the amounts owing under the DIP Facility prior to the Closing Date. At the Closing of the Sale, the amounts owed under the DIP Facility shall be paid to the DIP Lender in accordance with the Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Status; (II) Modifying the Automatic Stay; (III) Authorizing the Debtors to Enter Into Agreements with Gracious Home Lending LLC; and (IV) Granting Related Relief (as such Order may be amended, modified, supplemented or

13

granted on a final basis) [ECF 201] (the "Final DIP Order").  Nothing in this Order shall be deemed or construed to modify or amend the Final DIP Order.

21. The requirements set forth in Bankruptcy Rules 6004 have been satisfied or otherwise deemed waived.  The Debtors are authorized to close on the transactions under the APA immediately upon entry of this Order.

22. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Sale Motion.

23. This Court shall retain exclusive jurisdiction to, among other things, interpret, enforce, and implement the terms and provisions of this Order and the APA, including all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connections therewith in all respects, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

Dated:  New York, New York
           June 29, 2017

                *s/ Mary Kay Vyskocil*
HONORABLE MARY KAY VYSKOCIL
UNITED STATES BANKRUPTCY JUDGE