**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
John R. Ashmead, Esq.
Robert J. Gayda, Esq.

*Counsel to Official Committee of Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GRACIOUS HOME LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 16-13500 (MKV)<br><br>(Jointly Administered) |

**MOTION FOR ORDER AUTHORIZING THE COMMITTEE TO
(A) CONDUCT A 2004 EXAMINATION OF DOROTHY MATTISON;
AND (B) SEEK RELATED DOCUMENT PRODUCTION**

The Official Committee of Unsecured Creditors (the "Committee")[2] in the cases of the above captioned debtors and debtors-in-possession (the "Debtors") files this motion (the "Motion") seeking an order, substantially in the form attached hereto as Exhibit A (the "Order"), authorizing the Committee to conduct an examination of Dorothy Mattison (the "Witness") pursuant to rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), and requests that this Court enter the Order directing the Witness to appear for examination and to produce

---

[1] The Debtors in these chapter 11 cases and the last four digits of their tax identification numbers are: Gracious Home LLC (6822); Gracious Home Holdings LLC (3251); Gracious Home Payroll LLC (3681); GH East Side LLC (3251); GH West Side LLC (3251); GH Chelsea LLC (3251) and Gracious (IP) LLC (3251). The latter four entities are disregarded for tax purposes and do not have their own tax identification numbers, but use that of Gracious Home Holdings LLC. The address of the Debtors' corporate headquarters is 1210 Third Avenue, New York, New York 10021.

[2] The Committee consists of five members: (i) Capstone Printing Corp.; (ii) Lincoln Square Commercial Holding Co. LLC; (iii) Scandia Down LLC; (iv) The Townsend House Corp.; and (v) True Value Co.

documents related to Debtors' business.  In support of this Motion, the Committee respectfully represents as follows:

## BACKGROUND

1. On December 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession.  No trustee or examiner has been appointed in these cases.  Additional factual background information regarding the Debtors, including their business operations, corporate structure and the events leading up the these chapter 11 cases, is set forth in detail in the *Affidavit of Robert Morrison Pursuant to Bankruptcy Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York* (Docket No. 3) (the "First Day Affidavit").

2. On January 6, 2017, the Office of the United States Trustee for the Southern District of New York appointed the Committee.  On the same day, the Committee selected, subject to Court approval, Seward & Kissel LLP to serve as its counsel and Wyse Advisors LLC to serve as its financial advisor.

3. On February 10, 2017, this Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Expense Status; (II) Modifying the Automatic Stay; (III) Authorizing the Debtors to Enter into Agreements with Gracious Home Lending LLC; and (IV) Granting Related Relief* (Docket No. 201) (the "DIP Order").  Through the DIP Order, the Debtors were authorized to enter into a senior secured, super-priority debtor-in-possession loan facility in the principal amount of $3 million (the "DIP Facility") with Gracious Home Lending LLC.

4. On May 24, 2017, the Debtors filed a motion pursuant to which the Debtors sought the authority to sell substantially all of their assets (the "Assets") pursuant to section 363(b) of the Bankruptcy Code (the "363 Sale"). On June 29, 2017, the Bankruptcy Court entered the *Order (I) Authorizing the Sale of the Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests; (II) Approving the Assumption and Assignment of Executory Contracts and Leases and (III) Granting Related Relief* (Docket No. 350), approving the 363 Sale of the Assets to NEWGH, LLC.

5. From and after the 363 Sale, the Committee has been investigating causes of action available for the benefit of the estates, including, but not limited to, actions against the Debtors' former officers and directors, including the Witness. Upon information and belief, the Witness served on the Debtors' Board of Directors and as the Debtors' Chief Executive Officer from approximately June 15, 2015 until her resignation in or about December 2016. It is clear that the Witness has extensive knowledge about matters relevant to the Committee's investigation.

## JURISDICTION

6. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The predicate for the relief requested in this Motion is Rule 2004.

## RELIEF REQUESTED

7. The Committee respectfully requests entry of the Order under Rule 2004 permitting it to conduct an examination of the Witness and seek related document production in connection with the Debtors' business and, more specifically, the actions taken by the Witness

with respect to the Debtors' prepetition business. The categories of information to be requested by the contemplated Rule 2004 subpoena(s) is attached to this Motion as Exhibit B.

## BASIS FOR RELIEF REQUESTED

8. Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Rule 2004(b) provides further that the scope of such examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." In addition, Rule 2004(c) provides that "the attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial."

9. "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred. *In re Almatis*, No. 10-12308, 2010 WL 4877868, at *3 (Bankr. S.D.N.Y. Nov. 24, 2010); In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

10. Discovery under Rule 2004 can be used as a "pre-litigation discovery device." *In re Wilson*, No. 07-11862, 2009 WL 304672, at *5 (Bankr. E.D. La. Feb. 6, 2009). "No contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under this rule." *In re Almatis*, 2010 WL 4877868, at *3. Consequently, a Rule 2004 motion need not be tied to specific factual allegations at issue between parties. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997).

11. Section 1103 of the Bankruptcy Code sets forth the duties of a creditors' committee including to "investigate the acts, conduct, assets, liabilities, and financial condition

4

of the debtor . . . ." 11 U.S.C. § 1103(c). During the pendency of the case, the Committee has investigated various prepetition activities of the Debtors.

13. The requested relief is well within the scope of Rule 2004 because it would permit the Committee to "examin[e] transactions and assess[] whether wrongdoing has occurred." *In re Almatis*, 2010 WL 4877868, at *3. Specifically, the examination would permit the Committee to continue to fulfill its statutory duty to investigate in an attempt to determine the merits of causes of action that might be prosecuted by the Committee.

## NOTICE

13. Pursuant to this Court's individual rules, "[r]equests for 2004 orders may be submitted ex parte but the Court in its discretion may require notice and a hearing." The Committee has, nevertheless, provided courtesy copies of the Motion to (i) counsel to the Debtor; (ii) the United States Trustee and (iii) all parties who have filed a notice of appearance and request for service of documents, as well as all other parties in interest (including the Witness).

14. No prior motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that this Court enter the Order granting the relief requested herein, and granting it such other relief as this Court deems just and proper.

5

| | |
|---|---|
| DATED: March 15, 2018<br>New York, New York | **SEWARD & KISSEL LLP**<br><br>By: *John R. Ashmead*<br>John R. Ashmead<br>Robert J. Gayda<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone:  212-574-1200<br>Facsimile:  212-480-8421<br><br>*Counsel to the Official Committee of Unsecured Creditors* |