TOGUT, SEGAL & SEGAL LLP
*Proposed Attorneys for the*
*Chapter 7 Interim Trustee*
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :
In re:                                                        :    Chapter 7
                                                              :    Case No. 16-13500 [MKV]
GRACIOUS HOME LLC, *et al.*,                                  :
                                                              :    (*Jointly Administered*)
                              Debtors.[1]                     :
                                                              :
------------------------------------------------------------- X

## CHAPTER 7 TRUSTEE'S APPLICATION FOR AN ORDER TERMINATING DEBTORS' ENGAGEMENT OF PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT EFFECTIVE NOVEMBER 29, 2018

Albert Togut, not individually but solely in his capacity as the Chapter 7 interim trustee (the "Trustee") of the bankruptcy estates (the "Estates") of Gracious Home LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned jointly administered cases, by his proposed attorneys, Togut, Segal & Segal LLP (the "Togut Firm") hereby makes this application for entry of an order, substantially in the form annexed hereto as Exhibit "1" (the "Proposed Order"), terminating the engagement of Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in these cases effective as of November 29, 2018 (the "Application"), and respectfully states:

---

[1] The Debtors in this Chapter 7 case and the last four digits of their tax identification numbers are: Gracious Home Holdings LLC (3251); Gracious Home Payroll LLC (3681), Gracious Home LLC (3251); GH East Side LLC (3251); GH West Side LLC (3251); GH Chelsea LLC (3251) and Gracious (IP) LLC (3251). The latter five entities are disregarded for tax purposes and do not have their own tax identification numbers, but use that of Gracious Home Holdings LLC. The address of the Debtors' corporate headquarters was 1201 Third Avenue, New York, New York 10021.

## BACKGROUND

1. On December 14, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 (the "Chapter 11 Cases") of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. Upon information and belief, prior to the Petition Date, the Debtors operated businesses engaged in the retail sale of home goods at retail locations in New York City and through an online site. Additional factual background information regarding the Debtors, including their business operations, corporate and capital structure, and the events leading to the Chapter 11 Cases, is set forth in the Affidavit of Robert Morrison, Chief Executive Officer [Dkt. No. 3], filed on December 15, 2016.

3. On December 20, 2016, the Court entered an *Order Granting Debtors' Motion for Order (I) Directing Joint Administration of the Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) and (II) Waiving Requirements of Bankruptcy Code Section 342(c)(1) and Bankruptcy Rule 2002(n)* [Dkt. No. 28], pursuant to which the Debtors' cases are consolidated for procedural purposes only and are being jointly administered by the Court.

4. On January 6, 2017, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in the Chapter 11 Case [Dkt. No. 67].

5. On December 29, 2016, the Debtors filed an application to appoint Prime Clerk as claims and noticing agent in the Chapter 11 Cases [Dkt. No. 48] (the "Prime Clerk Retention Application"). On January 30, 2017, the Bankruptcy Court granted the Retention Application and entered the *Order Authorizing Retention and*

*Appointment of Prime Clerk LLC as Claims and Noticing Agent* [Docket No. 151] (the "Prime Retention Order").

6. Thereafter, on March 13, 2017, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order"), pursuant to which the Court established May 1, 2017 as the bar date for the filing of pre-petition non-governmental unit entities and June 12, 2017 as the bar date for the filing of pre-petition claims of governmental units (together, the "Bar Date").

7. Prime Clerk gave notice of the Bar Date in accordance with the Bar Date Order [Dkt. Nos. 259, 260]. In response to those forms of notice, 437 proofs of claim were filed in the Chapter 11 Cases. Moreover, the Debtors' Schedules list claims in favor of approximately 1,600 creditors who have not filed claims.

8. As a result of the conversion of the Debtors' cases to Chapter 7, claimants who were not required by the Bar Date Order to file claims, and the holders of post-petition, pre-Conversion Date unpaid administrative expense claims, are required to file proofs of claim in the Debtors' Chapter 7 cases. *See*, Bankruptcy Rule 3002.[2]

9. On June 29, 2017, the Bankruptcy Court entered an *Order (I) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests; (II) Approving the Assumption and Assignment of Executory Contracts and Leases; and (III) Granting Related Relief* [Dkt. Nos. 350 and 350-1] (the "Sale Order"), pursuant to which substantially all of the Debtors' assets were sold, and the Debtors ceased their day-to-day business operations.

---

[2] On December 28, 2018, the Debtors filed their schedule of unpaid Chapter 11 administrative expense claims. Dkt. No. 444.

10. On November 29, 2018, the Bankruptcy Court entered an order [Dkt. No. 436] converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case") effective as of November 29, 2018 (the "Conversion Date").

11. On the Conversion Date, Albert Togut was appointed Chapter 7 interim Trustee of the Debtors; he duly qualified and is acting as interim Trustee of the Debtors and their estates (the "Estates").

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

13. The statutory bases for the relief requested herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 5075-1(c) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## RELIEF REQUESTED

14. The Trustee seeks entry of an order, substantially in form of the Proposed Order, terminating the Debtor's engagement of Prime Clerk as claims and noticing agent, effective as of November 29, 2018.

## BASIS FOR RELIEF REQUESTED

15. Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Furthermore, the Court is not precluded

from "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

16. Pursuant to the Prime Retention Order, this Court authorized Prime Clerk to provide the Debtors with claims and noticing services, as more fully set forth in the Prime Clerk Retention Motion, and Prime Clerk performed such claims and noticing services prior to the Conversion Date.

17. Substantially all of the Debtors' assets were sold pursuant to the Sale Order, and the Debtors used substantially all the sale proceeds to satisfy their obligations to their post-petition lender and to pay professionals' fees and expenses that were allowed on an interim basis pursuant to orders of the Court.

18. On the Conversion Date, Debtors had less than $100 on hand, and the Trustee is pursuing recovery of other funds which he believes are property of these estates. However, as of the date hereof, the Estates' modest cash on hand and projected near-term recoveries may not be sufficient to satisfy the projected costs and expenses that would be incurred by Prime Clerk to perform its obligations as claims and noticing agent herein.

19. Pursuant to Bankruptcy Rule 2002(a), notice by mail of: (1) the meeting of creditors pursuant to Bankruptcy Code §§ 341 and 343; and (2) the deadline for filing proofs of claims pursuant to Bankruptcy Rule 3003(c) in the Debtors' Chapter 7 case (the "Notice") must be given to all of the Debtors' known creditors and other estate stakeholders, which number in excess of 2,000 persons. The Clerk of the Court has agreed to serve the Notice provided that the Debtors' engagement of Prime Clerk is terminated.

20. After the Debtors' section 341 meeting of creditors is held and the bar date for this Chapter 7 Case expires, the Trustee intends to file an application pursuant to Bankruptcy Rules 2002(h), (i), and (m) to limit notice as a measure to reduce administrative costs and expenses of these Estates. If granted, that measure should further eliminate the need for a claims and notice agent.[3]

21. Based upon the foregoing, the Trustee respectfully requests entry of the Proposed Order.

## NOTICE

22. Consistent with the Prime Retention Order, the Trustee has provided notice of this Application to: (i) the Office of the United States Trustee; (ii) Prime Clerk; and (iii) all persons who have filed a request to receive documents pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee respectfully submits that no other or further notice is necessary.

## NO PRIOR REQUEST

23. No previous application for the relief requested herein has been made by the Trustee in this case.

---

[3] Nothing set forth herein impairs the Trsutee's right to subsequently seek a further order authorizing the retention of a noticing agent, if there is a need and there are sufficient funds on hand to satisfy the costs and expenses of one.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form as that submitted herewith, granting the relief requested in this Application and any further relief as is just and proper.

Dated: January 3, 2019
      New York, New York

Albert Togut, Chapter 7 Trustee,
By his Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
A Member of the Firm
One Penn Plaza
New York, New York 10119
(212) 594-5000