**SEWARD & KISSEL LLP**
*Special Counsel to the Chapter 7 Trustee*
One Battery Park Plaza
New York, NY 10004
(212)-574-1200
John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :
In re:                                                        :   Chapter 7
                                                              :   Case No. 16-13500 [MKV]
GRACIOUS HOME LLC, *et al.*,                                  :
                                                              :   *(Jointly Administered)*
                                           Debtors.[1]        :
                                                              :
------------------------------------------------------------- X

**CHAPTER 7 TRUSTEE'S *EX PARTE* APPLICATION
PURSUANT TO BANKRUPTCY RULE 2004 FOR AN ORDER
AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE
<u>PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY</u>**

TO THE HONORABLE MARY KAY VYSKOCIL,
UNITED STATES BANKRUPTCY JUDGE:

        Albert Togut, not individually but solely in his capacity as the Chapter 7 trustee (the "<u>Trustee</u>") of the estates of Gracious Home LLC, et al. (the "<u>Debtors</u>"), in the above-captioned cases, by his undersigned attorneys, respectfully makes this application (the "<u>Application</u>") for entry of an order, substantially in the form attached hereto as Exhibit A (the "<u>Order</u>"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), authorizing the Trustee to issue subpoenas to the Debtors and non-debtor parties for the production of

---

[1] The Debtors in this Chapter 7 case and the last four digits of their tax identification numbers are: Gracious Home Holdings LLC (3251); Gracious Home Payroll LLC (3681), Gracious Home LLC (3251); GH East Side LLC (3251); GH West Side LLC (3251); GH Chelsea LLC (3251) and Gracious (IP) LLC (3251). The latter five entities are disregarded for tax purposes and do not have their own tax identification numbers, but use that of Gracious Home Holdings LLC. The address of the Debtors' corporate headquarters was 1201 Third Avenue, New York, New York 10021.

documents and information, and the examination of various persons or entities, to obtain information concerning the acts, conduct, and property of the Debtors, and other matters relating to the extent and nature of the Debtors' estates. In support of this Application, the Trustee respectfully states:

**INTRODUCTION**

1. Prior to the Petition Date (defined below), the Debtors operated a housewares and home furnishings business at various retail store locations, utilizing store leases, a warehouse lease and an office lease, and an internet-based business, all under the name "Gracious Home." On June 29, 2017, the Bankruptcy Court entered an *Order (I) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests; (II) Approving the Assumption and Assignment of Executory Contracts and Leases; and (III) Granting Related Relief* (the "Sale Order") [Dkt. Nos. 350 and 350-1], pursuant to which substantially all of the Debtors' assets were sold, and the Debtors ceased their day-to-day business operations.

2. The Trustee has concluded that the Debtors' pre-petition conduct and affairs warrant investigation, and it appears that certain non-debtor third parties may have in their possession documents and information that is necessary for the diligence that would assist in the Trustee's investigation concerning the nature and extent of the Debtors' estates.

3. Prior to the Conversion Date, the official committee of unsecured creditors (the "Committee") began investigations of the Debtors' financial affairs including, without limitation, the acts and/or omissions of members of the Debtors' pre-petition date management, and the Debtors' pre-petition date lender. While the Committee's investigation was underway prior to the Conversion Date, that investigation was halted by the conversion of the Debtors' Chapter 11 cases, and additional discovery is necessary for the Trustee to continue and finalize the

2

investigation. Indeed, the Trustee's review of the Debtors' financial affairs to date has disclosed pre-petition transactions that may give rise to affirmative claims in favor of the Debtors' estates.

4. Consequently, the Trustee seeks authority from this Court pursuant to Bankruptcy Rule 2004 to compel production of documents and testimony from persons and entities that conducted business, or were party to transactions, with the Debtors. Those parties likely have documents and information concerning transactions and conduct concerning the Debtors that are not presently available to the Trustee. Those documents and information may assist the Court and the Trustee in discovering the full extent and nature of the Debtors' estates and the extent to which there are causes of action that could provide affirmative recovery for the Debtors' estates.

5. The Trustee submits that the authority sought herein will enable him to conduct an investigation without the need for a multitude of separate applications, while likewise preserving parties' ability to seek relief or protection from this Court.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider the relief requested in this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested by this Application are Bankruptcy Code section 105 and Bankruptcy Rule 2004.

## BACKGROUND

8. On December 14, 2016 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court (the "Bankruptcy Court"). On November 29, 2018 (the "Conversion Date"), after the sale of the Debtors' assets pursuant to the Sale Order closed, the Bankruptcy Court entered an order converting the Chapter 11 cases to

cases under Chapter 7 of the Bankruptcy Code. On November 29, 2018, Albert Togut was appointed as Chapter 7 interim Trustee of the Debtors. Mr. Togut duly qualified, and he is acting as Trustee of the Debtors.

9. The Trustee examined the Debtors during the Bankruptcy Code section 341 meeting of creditors in this case. Based upon that examination and his investigation to date, he has determined that there are likely persons and entities in addition to the Debtors who are in possession of documents and information that will assist the Court and Trustee in discovering the full extent of the Debtors' pre-Petition Date financial affairs and the nature and extent of these estates, including whether causes of action exist against parties, entities, or others for the benefit of the estate, including to recover property and/or to avoid and recover transfers.

## RELIEF REQUESTED

10. The Trustee seeks entry of the Order authorizing the Trustee to conduct discovery of the Debtors and non-debtor third parties concerning the extent of the Debtors' pre-petition affairs and the nature and extent of the estates.

## BASIS FOR RELIEF

11. Bankruptcy Rule 2004(a) provides that a Court may order an examination of any entity upon request of a party in interest. The scope of the Bankruptcy Rule 2004 examination is intended to be broad and may include the acts, conduct or property of a debtor or the financial condition of a debtor, as well as any matter that may affect the administration of a debtor's estate. *See* Fed. R. Bankr. P. 2004(b).

12. Bankruptcy Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr.

4

S.D.N.Y. 2002) (citations omitted). In this regard, courts have recognized that Bankruptcy Rule 2004 examinations are broad and unfettered, and may be in the nature of "fishing expeditions." *Id*; *see also In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) ("[Bankruptcy Rule 2004's] purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." (citation omitted)); *see generally In re Bello*, 528 B.R. 562, 566 (Bankr. E.D.N.Y. 2015).

13. Bankruptcy Rule 2004 is meant to provide trustees with broad power to investigate any matter that may affect the administration of the estate. *See In re Bennett Funding Grp., Inc.,* 203 B.R. 24, 27-28 (Bankr. N.D.N.Y. 1996); s*ee also In re Bakalis*, 199 B.R. at 447; *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991) ("The object of the examination of the [debtor] and other witnesses is to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it . . ."); *In re Sun Med. Mgmt., Inc.*, 104 B.R. 522, 524 (Bankr. M.D. Ga. 1989) ("Bankruptcy Rule 2004 examinations are allowed for the purpose of discovering assets and unearthing frauds.").

14. The Debtors' Schedules of Assets and Liabilities, Statements of Financial Affairs and records indicate a number of transactions which occurred prior to the Petition Date that need to be examined. Many of the documents concerning those pre-Petition Date transactions are believed to be in the possession of non-debtor third parties, and their testimony concerning those transactions will also assist the Trustee in his investigation.

15. Consequently, the discovery authority sought herein will provide the Trustee with a means to conduct an examination of the Debtors' financial affairs and assess

5

whether causes of action exist in favor of these estates, and whether property of the estates is recoverable from non-debtor third parties.

16. Although this Application is being made *ex parte*, any concerns regarding notice or due process are addressed by the fact that any entity ultimately served with a subpoena will receive a copy of the Order and they may contest the scope or issuance of any subpoena served by the Trustee by means of a written application to this Court. Courts in this district and others have recognized that a Bankruptcy Rule 2004 examination may be commenced by an *ex parte* motion. *See, e.g., In re Kramer*, 492 B.R. at 372 (Bankr. E.D.N.Y. 2013) (noting "[t]he Rule 2004 Application could have been made *ex parte*"); *In re Toft*, 453 B.R. at 198 (Bankr. S.D.N.Y. 2011) (noting that "an examination under Bankruptcy Rule 2004 may be commenced by an *ex parte* motion"); *In re Metion, Inc.,* 318 B.R. 263 (Bankr. S.D.N.Y. 2004); *In re Hickman*, 151 B.R. 125, 128 (Bankr. N.D. Ohio 1993).

17. Additionally, service of subpoenas by FedEx, or any other means of service allowed under Bankruptcy Rule 9016, is appropriate because personal service on all persons subpoenaed pursuant to the Order would be unduly burdensome to the estates and would delay the Trustee's efforts to obtain information essential to discovering whether causes of action exist that may significantly augment the Debtors' estates.

18. Courts in the Second Circuit have authorized alternative service when such service was reasonably "calculated to provide timely actual notice." *Medical Diagnostic Imaging PLLC v. CareCore Nat. LLC*, Case No. 06 CIV 13156, 2008 WL 3833238, at *2 (S.D.N.Y. Aug. 15, 2008); *Cordius Trust v. Kummerfeld*, Case No. 99 CIV 3700 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (allowing alternative service by certified mail because "alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness"); *In*

*re Shur*, 184 B.R. 640, 644 (Bankr. E.D.N.Y. 1995) (holding that Rule 45 of the Federal Rules of Civil Procedure (and by extension Bankruptcy Rule 9016) does not require personal service and that other service is permissible provided service was reasonably calculated to give actual notice). Here, delivery by FedEx or other overnight delivery service is reasonably calculated to ensure actual receipt by the subpoena recipients.

19. Based upon the foregoing, the Trustee respectfully requests that the Court authorize the Trustee to issue subpoenas to parties, thus enabling him to continue his investigation concerning the Debtors' financial affairs and the nature and extent of the Debtors' estates.

## NOTICE

20. The Trustee seeks entry of the Order on an *ex parte* basis. Once entered, the Trustee will serve the Order by FedEx or other overnight delivery service to (the "Notice Parties"): (a) the United States Trustee; (b) the Debtors; and (c) all parties that have filed a notice of appearance in this case. Moreover, the Trustee will serve a copy of the Order with any subpoena that he serves pursuant to the Order. The Trustee requests that the Court find such notice to be good and sufficient notice of the Application and the Order.

## NO PRIOR REQUESTS

21. No prior application for the relief requested herein has been made by the Trustee to this or any other Court.

**WHEREFORE,** the Trustee respectfully request entry of the Proposed Order, and such other and further relief as the Court may deem just and appropriate.

DATED:   New York, New York
            June 20, 2019

ALBERT TOGUT, not individually but solely in his capacity as Chapter 7 Trustee,
By his Attorneys,
SEWARD & KISSEL LLP

By: *John R. Ashmead*_____
John R. Ashmead, Esq.
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
One Battery Park Plaza
New York, New York 10004
Telephone:  212-574-1200
Facsimile:  212-480-8421