TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re:                                                             :
                                                                   :   Chapter 7
GRACIOUS HOME LLC, *et al.*,                                       :
                                                                   :   Case No. 16-13500 (LGB)
                                      Debtors.[1]                  :
------------------------------------------------------------------ x

# TRUSTEE'S MOTION FOR AN ORDER
# EXPUNGING PROOF OF CLAIM NO. 34-3 FILED BY
# THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as the Chapter 7 trustee (the "Trustee") Gracious Home LLC, (the "Debtor") and the other above-captioned debtors (together with the Debtor, the "Debtors"),[2] by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm") hereby submits this motion (the "Motion") for entry of an order pursuant to sections 502 and 505(a)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") expunging proof of claim No. 34-3 ("Claim No. 34") filed by the New York State Department of Taxation and Finance (the "NYS DoF").

---

[1] The Debtors in this Chapter 7 case and the last four digits of their tax identification numbers are: Gracious Home Holdings LLC (3251); Gracious Home Payroll LLC (3681), Gracious Home LLC (3251); GH East Side LLC (3251); GH West Side LLC (3251); GH Chelsea LLC (3251) and Gracious (IP) LLC (3251). The latter five entities are disregarded for tax purposes and do not have their own tax identification numbers, but use that of Gracious Home Holdings LLC. The address of the Debtors' corporate headquarters was 1201 Third Avenue, New York, New York 10021.

[2] The cases for the Debtors other than the Debtor have been closed.

In support of this Motion, the Trustee respectfully submits the Declaration of Vinay Agarwal, a partner of Plotzker & Agarwal, CPAs, LLC ("PACPAS"), the Trustee's accountants, attached hereto as **Exhibit A** (the "Agarwal Declaration"), and respectfully states:

**BACKGROUND**

**I.    The Debtor's Chapter 7 Bankruptcy Case.**

1. On December 14, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court and commenced the above-captioned cases [Docket No. 1].

2. Upon information and belief, prior to the Petition Date, the Debtors operated businesses engaged in the retail sale of home goods at retail locations in New York City and through an online site. Additional factual background information regarding the Debtors, including their business operations, corporate and capital structure, and the events leading to the Chapter 11 Cases, is set forth in detail in the Affidavit of Robert Morrison, Chief Executive Officer [Docket. No. 3], filed on December 15, 2016.

3. On December 20, 2016, the Court entered *Order Granting Debtors' Motion for Order (I) Directing Joint Administration of the Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) and (II) Waiving Requirements of Bankruptcy Code Section 342(c)(1) and Bankruptcy Rule 2002(n)*, pursuant to which the Debtors' cases are consolidated for procedural purposes only and are being jointly administered by the Court.

4. On June 29, 2017, the Bankruptcy Court entered the *Order (I) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances and Interests; (II) Approving the Assumption and Assignment of Executory Contracts and Leases;  and (III)*

2

*Granting Related Relief* (the "Sale Order") [Docket. Nos. 350 and 350-1], pursuant to which the Debtors were authorized to sell substantially all of their assets (the "Sale"). The Debtors reported that the Sale closed on June 30, 2017, and they ceased their day-to-day retail business operations.

5. Approximately seventeen months later, on November 29, 2018 (the "Conversion Date"), the Bankruptcy Court entered an order converting the Debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code [Docket No. 436].

6. On November 29, 2018, Albert Togut was appointed Chapter 7 interim Trustee of the Debtors [Docket No. 437]; he duly qualified and is acting as Trustee of the Debtor.

**II.     Proof of Claim No. 34 filed the NYS DOF**

7. On August 26, 2019, the NYS DoF filed Claim No. 34 against the Debtor in the total amount of $3,080,408.73 on account of estimated sales tax liabilities. A copy of Claim No. 34 is annexed to the Agarwal Declaration as **Exhibit 1**.

8. For the reasons set forth below, the Trustee submits that Claim No. 34 should be expunged.

**JURISDICTION**

9. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10. The statutory predicates for the relief sought herein are sections 502 and 505(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3007.

## RELIEF REQUESTED

11. The Trustee seeks entry of an order substantially in the form annexed hereto as **Exhibit B**, pursuant to sections 502 and 505(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3007, expunging Claim No. 34.

## BASIS FOR RELIEF

12. Section 502 of the Bankruptcy Code provides, in pertinent part:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

11 U.S.C. § 502(a).

13. Section 505(a)(1) of the Bankruptcy Code provides:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

14. Bankruptcy Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

15. Bankruptcy Rule 3007 provides, in relevant part:

> (a)(1) An objection to the allowance of a claim and a notice of objection that substantially conforms to the appropriate Official Form shall be filed and served at least 30 days before any scheduled hearing on the objection or any deadline for the claimant to request a hearing.
> …

Fed. R. Bankr. P. 3007.

16. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of

4

the claim under Bankruptcy Code section 502(a).  *See In re Vanegas*, 290 B.R. 190, 193 (Bankr. D. Conn. 2003) (citing Bankruptcy Rule 3001(f) and holding that the evidence submitted by the debtor was insufficient to overcome the validity and amount of bank's proof of claim); In *re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 n.13, 553 (Bankr. S.D.N.Y. 2000) (citing Bankruptcy Rule 3001(f) in analysis of debtors' objection to former tenant's proof of claim and granting partial summary judgment with respect to the objection where there were no material facts in dispute).  To receive the benefit of *prima facie* validity, however, "the proof of claim must set forth the facts necessary to support the claim." *In re Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988) (holding that claimant's proof of claim was not entitled to the presumption of *prima facie* validity because it did not set forth the necessary facts); *see also* Fed. R. Bankr. P. 3001(c)(1) (requiring claimant to provide documentation where claim is based on a writing).

        17.     A party objecting to the proof of claim must only provide evidence sufficient to negate the *prima facie* validity of the claim by refuting one or more of the facts in the filed claim. *See In re Waterman Steamship Corp.*, 200 B.R. 770, 774–75, 777 (Bankr. S.D.N.Y. 1996) (reopening discovery into asbestos claims due to insufficient information upon which to determine validity of claims).  Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re WorldCom, Inc.*, No. 02-13533 (AJG), 2005 WL 3832065, at *4, *9 (Bankr. S.D.N.Y. 2005) (citing Bankruptcy Rule 3001(f) and holding that claimant did not meet its burden to prove validity of anticipatory breach and unjust enrichment claims, but that further evidence was needed to assess the merits of lack of good faith claim) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992));  *see also In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323, 328 (Bankr. S.D.N.Y. 1997) (citing Bankruptcy Rule 3001(f) and allowing claim where debtor failed to refute any of the

5

material facts in proof of claim). The claimant must prove the claim, not sit back while the objector attempts to disprove it. *See In re Bennett*, 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988) (holding that debtor presented sufficient evidence to rebut the *prima facie* validity of claimant's claim and that claimant failed to prove claim by a preponderance of credible evidence).

## **OBJECTION TO CLAIM NO. 34**

18. The Trustee respectfully submits that Claim No. 34 should be expunged.

19. Claim No. 34 seeks payment of approximately $3 million on account of estimated sales tax obligations for periods after the date that the Sale closed and after the Debtors' ceased retail sale business operations. Claim No. 34 also seeks Chapter 11 administrative priority.

20. The Agarwal Declaration demonstrates that PACPAs reviewed the Debtors' accounting records and the Debtors' monthly operating reports, and he has determined that the Debtors paid and satisfied all of their sales tax obligations for periods prior to the Sale, and that they did not incur any sales tax liabilities for periods after the date of the Sale closed.

21. Claim No. 34 includes an estimated sale tax liability for the period ending on August 31, 2017 (which includes the months of June, July, and August 2017). PACPAs prepared and filed the final sales tax returns and tax statements for that period, and the Debtors records reflect that any sales tax liability for that period had already been paid by the Debtors prior to the Conversion Date. After that 2017 period the Debtors did not incur any sales tax liability.

22. The Debtors July 2017 monthly operating report, attached as **Exhibit 2** to the Agarwal Declaration, demonstrates that the Debtors had no sales related income after the Sale closed.

23. For the reasons set forth above, the Trustee respectfully submits that the liabilities that are identified in Claim No. 34 are not due and owing and that Claim No. 34 should be expunged.

## CONCLUSION

24. Based upon all of the foregoing, the Trustee respectfully submits that Claim No. 34 should be expunged, and requests entry of the proposed order annexed hereto as **Exhibit B.**

## NOTICE

25. The Trustee has served notice of this Application upon: (i) the NYS DoF; (ii) the United States Trustee; and (iii) all other parties in interest which have filed a Notice of Appearance in this case.

## NO PRIOR REQUEST

26. No previous application for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE**, the Trustee respectfully request that the Court enter an order, substantially in the form annexed hereto as **Exhibit B**, expunging Claim No. 34, and granting such other and further relief as the Court deems just and proper.

DATED:  New York, New York  
          November 2, 2021

ALBERT TOGUT, not individually but  
Solely in His Capacity as Chapter 7 Trustee,  
By His Attorneys,  
TOGUT, SEGAL & SEGAL LLP  
By:

*/s/ Neil Berger*  
NEIL M. BERGER  
One Penn Plaza, Suite 3335  
New York, New York 10119  
(212) 594-5000